UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLE HELENE DUDZINSKI,            No. 09-15009

        Plaintiff,                 District Judge David M. Lawson
v.                                    Magistrate Judge R. Steven Whalen

SPIRIT AIRLINES, INC., ET AL.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

Before the Court are motions to dismiss for insufficient service of process filed by Defendants Spirit Airlines, Inc. ("Spirit") and Amy Jacobs [Doc. #17] and Defendants Association of Flight Attendants/Communication Workers Association ("AFA") and Nicole Trupiano [Doc. #18], which have been referred for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that both motions be DENIED.

### I.   FACTS

This is an employment case. On December 24, 2009, Plaintiff Michelle Helene Dudzinski filed a *pro se* civil complaint alleging breach of contract, retaliation under the Family Medical Leave Act ("FMLA"), intentional infliction of emotional distress, and, against the AFA, breach of duty to represent. A summons was issued on May 3, 2010, and Defendant Spirit received a copy of the summons and complaint or about May 11, 2010, 138 days after the complaint was filed. *Defendant Spirit's Brief,* Exhibit 3. Defendant Jacobs received a summons, but not a complaint, on or about May 7, 2010.

Defendant AFA states that it received a copy of a summons and complaint on or about May 11, 2010. On the same date, Defendant Trupiano received a copy of the summons, unaccompanied by a complaint. On May 17, 2010, Trupiano found a copy of the summons *and* the complaint in her mailbox.

On May 26, 2010, I entered an order for Plaintiff to show cause why her complaint should not be dismissed for failure of timely service. I noted that even though the Defendants had

apparently received copies of the summons and complaint, they were not properly served under Fed.R.Civ.P. 4(m) or M.C.R. 2.105(A). In response, the Plaintiff, still proceeding *pro se*, sent a letter to the Court dated June 9, 2010 and docketed August 27, 2010 [Doc. #20]. She stated that she acquired limited knowledge of the rules for service by talking to a lawyer at the Law Day celebration at the federal courthouse, and was also told that because she was filing the complaint herself, she would be given "some leniency" regarding timeliness. She also stated that she paid a criminal defense attorney with no federal civil experience to draft her complaint.

On October 27, 2010, Plaintiff was finally able to retain attorney David A. Kotwicki, who filed an appearance on November 5, 2010. On November 24, 2010, the Court held a status conference at which counsel for all parties were present, and which culminated in a scheduling order setting the following dates:

> Motions or stipulations to amend complaint:     12-27-10
>
> Defendants' reply briefs re: motions to dismiss:    12-1-10

On December 27, 2010, Plaintiff, through her attorney, filed a motion for leave to file a first amended complaint [Doc. #29].[1] The proposed amended complaint raises the following claims:

Spirit Airlines

> Count I: Family Medical Leave Act ["FMLA"].
>
> Count III: Breach of Contract (violation of the Collective Bargaining Agreement).
>
> Count IV: Declaratory Relief

AFA

> Count II: Duty of Fair Representation
>
> Count IV: Declaratory Relief

The proposed amended complaint abandons the claim for intentional infliction of emotional distress.

---

[1] That motion will be decided by separate order.

## II.   STANDARD OF REVIEW

Defendants seek dismissal under Fed.R.Civ.P. 4(m), which provides as follows:

> "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."

Under this Rule, a court may exercise its discretion to extend the time for service without any showing of good cause. However, if the plaintiff does show good cause for failure to effect timely service, the court *must* extend the time. *In re Lopez*, 292 B.R. 570, 574 (E.D.Mich. 2003) ("In other words, even in the absence of good cause, the court *may* grant an extension of time for service, but if good cause is shown, the court *must* extend."). In *Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 326 (E.D. Mich. 2001), the Court identified five factors informing a court's exercise of discretion under Rule 4(m):

> "whether: (1) a significant extension of time was required; (2) an extension of time would prejudice the defendant other than the inherent "prejudice" in having to defend the suit; (3) the defendant had actual notice of the lawsuit; (4) a dismissal without prejudice would substantially prejudice the plaintiff; i.e., would his lawsuit be time-barred; and (5) the plaintiff had made any good faith efforts at effecting proper service of process." (Citing *Wise v. Department of Defense*, 196 F.R.D. 52, 57 (S.D.Ohio 1999)).

In *Lopez, supra*, 292 BR at 574, the Court noted that "[t]he Advisory Notes to the 1993 revisions suggest that, when exercising discretion, the court should consider the prejudice that would inure to the parties from either decision, with the preclusion of the plaintiff's ability to bring suit almost always favoring the enlargement of time for service."

## III.   DISCUSSION

A weighing of the factors described in *Slenzka* augurs against granting the Defendants' motions to dismiss under Rule 4(m).[2]

---

[2] The Defendants argue that Plaintiff has not met her burden of establishing "good cause" for failing to timely serve the complaint and summons. Again, the Court need not apply the more exacting "good cause" issue in exercising its discretion to extend the time for service.

The first factor–whether a significant extension of time for service would be required–would seem to weigh against the Plaintiff. She filed her original *pro se* complaint on December 24, 2009. Therefore, the time for service expired on April 23, 2010. Today is February 25, 2011.  However, certain facts mitigate the delay.  I issued a show cause order to Plaintiff on May 26, 2010, and the Defendants' motions to dismiss were filed on June 1, 2010. Plaintiff responded to the show cause order by letter, and on November 5, 2010, her present counsel filed an appearance.  I conducted a status conference on November 24, 2010, and ordered additional briefing.  At least some of the delay, then, is attributable to this Court, not to the Plaintiff's lack of diligence.

The second and third factors–prejudice to the Defendants and actual notice of the lawsuit–weigh in the Plaintiff's favor.  The Defendants argue that they would suffer "extreme prejudice" because several witnesses have allegedly left the employ of Spirit Airlines, and that they should not have to defend claims that would otherwise be time-barred.[3]  This is not "extreme prejudice," nor is it incurable prejudice. It is not unusual to have witnesses who are no longer employed by the parties. Defendants do not claim that these witnesses are otherwise unavailable, or that they are even essential to their defense. Rather, there appears to be nothing more than "the inherent 'prejudice' of having to defend against a lawsuit."  *Wise, supra*, 196 F.R.D. at 57. Moreover, while the Defendants did not have actual notice of the lawsuit during the 120-day period for service following the filing of the complaint, they did have notice shortly thereafter, between May 11 and May 17, 2010.  They also received a copy of the Plaintiff's proposed amended complaint on December 27, 2010, in compliance with my scheduling order of November 30, 2010 [Doc. #25].

As to the fourth factor–prejudice to the Plaintiff if dismissal is granted–Defendants concede that the two-year statute of limitations for FMLA claims would bar re-filing, with the exception of the more difficult claim of "willful" violation, which would have a three-year limitations period.

---

[3] In claiming the statute of limitations issue as an element of prejudice to them, the Defendants are inverting the inquiry in the fourth factor–whether there would be prejudice to the *Plaintiff* if dismissal would result in a time-barred claim.

-4-

And without doubt, the complaint against the AFA and Trupiano would be barred based on the six-month statute of limitations for duty of fair representation claims.[4] To again quote *Lopez, supra*, 292 BR at 574, "The Advisory Notes to the 1993 revisions [to Rule 4(m)] suggest that, when exercising discretion, the court should consider the prejudice that would inure to the parties from either decision, *with the preclusion of the plaintiff's ability to bring suit almost always favoring the enlargement of time for service*." (Emphasis added).

Finally, as to the fifth factor, I find that this one time *pro se* Plaintiff did make good-faith efforts to effect service and to properly present her claims. She sought legal help at this Court's Law Day programs, and also from a criminal lawyer, and while the advice she received may not have been exactly on point, she did her best to navigate procedural rules that undoubtedly seem difficult and arcane to a lay person. She ultimately was able to retain an attorney, and there is no reason the case cannot move forward expeditiously going forward.

Because the above factors substantially weigh in favor of permitting the Court to extend the time for service, and because this is a case where "care is needed to protect [a] pro se plaintiff[]," *Slenzka, supra*, 204 F.R.D. at 325, citing *Advisory Committee Notes* for the 1993 Amendments to Rule 4(m), Defendants' motions to dismiss should be denied.

## IV.   CONCLUSION

I recommend that the motions to dismiss for insufficient service of process filed by Defendants Spirit Airlines, Inc. ("Spirit") and Amy Jacobs [Doc. #17] and Defendants Association of Flight Attendants/Communication Workers Association ("AFA") and Nicole Trupiano [Doc. #18], be DENIED. I further recommend that the time for service of complaints and summonses on these Defendants be extended to 14 days from a final order of the District Judge accepting this Report and Recommendation.[5]

---

[4] The question of whether the duty of fair representation claim would be time-barred even based on the original December 24, 2009 complaint will be discussed by separate opinion and order on Plaintiff's motion to amend the complaint.

[5] By separate order, I have granted Plaintiff's motion for leave to file a first amended complaint. It is the amended complaint that will be served on the Defendants if this Report and Recommendation is accepted.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                  s/R. Steven Whalen
                                                  R. STEVEN WHALEN
                                                  UNITED STATES MAGISTRATE JUDGE

Dated: February 28, 2011

_____

**CERTIFICATE OF SERVICE**

I hereby certify on February 28, 2011 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on February 28, 2011: **None.**

                                                  s/Michael E. Lang
                                                  Deputy Clerk to
                                                  Magistrate Judge R. Steven Whalen
                                                  (313) 234-5217