UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLE HELENE DUDZINSKI,

        Plaintiff,

v.

        Case Number 09-15009
        Honorable David M. Lawson
        Magistrate Judge R. Steven Whalen

SPIRIT AIRLINES, INC., ASSOCIATION OF
FLIGHT ATTENDANTS/COMMUNICATIONS
WORKERS ASSOCIATION, ROBERT LOVE,
AMY JACOBS, and NICOLE TRUPIANO,

        Defendants.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION, OVERRULING DEFENDANTS' OBJECTIONS,
DENYING DEFENDANTS' MOTIONS TO DISMISS, AND
CONTINUING ORDER OF REFERENCE FOR PRETRIAL PROCEEDINGS**

    This case is before the Court on the parties' objections to a report filed by Magistrate Judge R. Steven Whalen recommending that the defendants' motions to dismiss for failure to effectuate service of process on a timely basis should be denied. The plaintiff filed a *pro se* complaint in this case alleging breach of contract and retaliation under the Family and Medical Leave Act (FMLA) against her former employer, and breach of the duty of representation against her union. The Court entered an order referring the case to Judge Whalen to conduct all pretrial matters, after which the defendants filed their motions. Judge Whalen filed his report on February 28, 2011. The defendants filed timely objections and supplemental briefs. After reviewing the submissions and conducting a *de novo* review of the motions, responses, and report of the magistrate judge, and objections, the Court agrees that the motions should be denied. The matter will be referred again to the magistrate judge to ready it for trial.

I.

The magistrate judge summarized the facts, which are restated here briefly. The plaintiff filed her complaint on December 24, 2009. Defendant Spirit received a copy of the summons and complaint on May 11, 2010, as did defendant Association of Flight Attendants/Communication Workers Association ("AFA"); defendant Jacobs received a summons but no complaint on May 7, 2010. Also on May 11, 2010, defendant Trupiano received a copy of the summons without a complaint, but on May 17, 2010, she found a copy of the summons and the complaint in her mailbox.

In response to a show cause order issued by Judge Whalen, the plaintiff explained that she was unfamiliar with the rules of procedure, she received some curbstone advice from a lawyer participating in a Law Day program at this courthouse (who told her *pro se* filers receive some measure of procedural leniency), and she finally was able to hire attorney David A. Kotwicki, who filed an appearance on November 5, 2010.

The defendants moved to dismiss alleging that the summonses had expired and they never were served with process in a proper manner. The plaintiff opposed the motion.

The magistrate judge considered Federal Rule of Civil Procedure 4(m), which requires dismissal of a complaint if a summons "is not served within 120 days after the complaint is filed," but requires extensions upon a showing of good cause and allows extensions in the discretion of the Court when good cause is lacking. Judge Whalen found that no good cause existed, but he applied a five-factor test and concluded that the factors favored extending the summonses' life and denying the defendants' motions to dismiss. Notably, he concluded that the factors "substantially weigh" in favor of extending the time for service in the present case because "'care is needed to protect [a]

pro se plaintiff[]." Rep. & Rec. at 5 (citing *Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 325 n.2 (E.D. Mich. 2001)).

On the same day he filed his report, the magistrate judge issued an order conditionally granting the motion for leave to file a first amended complaint, subject to the Court's adoption of the magistrate judge's report and recommendation on the motions to dismiss.

The two sets of defendants present substantially similar objections to the report and recommendation, both arguing that Judge Whalen's recommendation is clearly erroneous and contrary to the law, focusing on the application of the factors and the conclusion that proper discretion calls for extending the summonses. The defendants argue that the plaintiff has engaged in "undue delay throughout this litigation," has failed to provide explanations for her delay, and that forcing the defendants to litigate untimely claims after several years would be prejudicial when the defendants have done nothing to contribute to the delay. Defs.' Spirit & Jacobs Obj. at 1.

The defendants point out that the complaint was filed over a year ago, the 120-day period expired nearly a year ago on April 23, 2010, and they still have not been served properly. The defendants acknowledge that service could be effected quickly now that the plaintiff is represented by counsel, but Rule 4(m)'s time limit cannot be met.

The defendants also argue that the magistrate judge should have found that they would suffer extreme or incurable prejudice, because some of the potential witnesses no longer work for the defendants and the facts surrounding the plaintiff's employment have grown stale. They argue further that they did not have notice of the lawsuit within the 120-day service period.

Next, the defendants disagree with the magistrate judge's conclusion that the plaintiff made good faith efforts to effectuate service and argue that this finding is contrary to the record. They

contend that the plaintiff did not inquire how service should be effectuated properly until she attended Law Day in May 2010, which was over four months after she filed her complaint. The defendants believe that the leniency afforded *pro se* litigants may not be extended unless the plaintiff has made some reasonable attempt on service.

Finally, the defendants admit that the failure to extend the time period for service would render the plaintiff's claims untimely, but they argue that this fact alone does not require that the district court grant an extension.

II.

Objections to a report and recommendation are reviewed *de novo*. "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The parties' failure to file objections to the report and recommendation waives any further right to appeal. *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to the Magistrate Judge's report releases the Court from its duty to independently review the motion. *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

The governing procedural rule, Federal Rule of Civil Procedure 4(m), states:

> If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). There appears to be no dispute that none of the defendants were served until May 11, 2010 at the earliest, which is more than 120 days "after the complaint [was] filed."

In *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514 (6th Cir. 2006), the court of appeals stated that if a plaintiff does not effectuate service within Rule 4(m)'s 120-day time limit, "[d]ismissal of the action 'shall' follow unless the plaintiff shows good cause." *Id.* at 521 (quotation marks omitted); *see also* 4 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1053 (3d ed.) (describing dismissal "as a method of sanctioning a plaintiff's failure to make service on the defendant within 120 days after filing the complaint with the court"). The plaintiff concedes that she has not shown good cause for failing to serve the summons and complaint within 120 days.

However, "courts have been accorded discretion to enlarge the 120-day period 'even if there is no good cause shown.'" *Henderson v. United States*, 517 U.S. 654, 662-63 (1996) (quoting Advisory Committee Notes on 1993 amendments to Fed. R. Civ. P. 4); *see also Osborne v. First Union Nat'l Bank of Del.*, 217 F.R.D. 405, 406 (S.D. Ohio 2003) ("A plain reading of the first clause reveals that a district court generally possesses the discretion to dismiss a complaint or to allow service to be perfected within a specified time, regardless of the absence of good cause, whenever a plaintiff fails to perfect service within 120 days after filing a complaint.").

The *Henderson* court did not elaborate on when courts should exercise their discretion to extend this period, except for service on officers of the United States when the government itself had already been served. *Henderson*, 517 U.S. at 662-63. However, in *Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322 (E.D. Mich. 2001), the court discussed the five factors courts should consider when deciding whether to exercise discretion, taken from the Advisory Committee Note. *Id.* at 326 (citing *Wise v. Dep't of Defense*, 196 F.R.D. 52, 56-57 (S.D. Ohio 1999)). The factors are (1) the length of additional time required to perfect service; (2) prejudice to the defendant resulting from delay; (3) whether the defendant had actual notice of the suit; (4) whether a dismissal without prejudice

nonetheless would substantially prejudice the plaintiff because the case would be time-barred; and (5) whether the plaintiff made a good faith effort to serve the defendant within the time allowed. The Court will consider each of those factors in turn.

### A. Length of Additional Time Required to Perfect Service

The plaintiff filed her initial complaint on December 24, 2009 and the 120-day period for service expired on April 23, 2010. It has been over a year since the plaintiff filed her complaint and nearly a year since the service period expired. Although such an extended period of time generally cuts against the plaintiff, it does not preclude an extension in her favor. *See, e.g.*, *Osborne v. First Union Nat'l Bank of Del.*, 217 F.R.D. 405, 406, 408 (S.D. Ohio 2003); *In re Knight*, Nos. 05-3154 & 05-33317, 2006 WL 2645167, at *4 (Bankr. E.D. Tenn. Sept. 14, 2006).

The additional time needed to effectuate service is substantial, since the case has been pending for over a year, although most of the time has been consumed litigating the summons and service issue. However, the lengthy delay is cushioned by the fact that the defendants received actual notice of the suit within a month after the service deadline, the plaintiff's *pro se* status, and her unfortunate reliance on faulty legal assistance. The plaintiff has averred that she did not know about the need for a summons or how to effect service when she filed her complaint. *See* Resp. to Mots. to Dismiss, Ex. 1, Aff. of Michelle Dudzinski, ¶ 6. She did not learn how to serve a complaint until March or April, when she reached out to court employees to gain additional information. *Id.* ¶ 8. In the interim, she had relied on an attorney, James Galen, whom she had paid to draft her complaint and from whom she requested advice on how to serve a complaint in January 2010. *Id.* ¶ 7. Galen let her down, repeatedly stating that he would get back to her with advice, but he never did. *Ibid.* Similarly, she contends that when she reached out to court staff for assistance, she again

received faulty advice that she had sufficient time remaining on her service clock and could attend the Court's Law Day on May 3, 2010 before her clock expired. *Id.* ¶ 8. The plaintiff reasonably relied on this advice. Although it is true that ignorance of the law or its requirements is not an excuse, *see Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991) (per curiam), the plaintiff made efforts to educate herself throughout this process and was either ignored or given faulty advice. Some of the delay is attributable to the Court from staff advice directing the plaintiff to seek additional information at Law Day.

"[A] willfully unrepresented plaintiff volitionally assumes the risks and accepts the hazards which accompany self-representation." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (emphasis omitted). However, the Court does not view the plaintiff's lack of representation during the service period as "wilfull." Instead, she obtained counsel to draft her complaint and, when that counsel proved to be of no more assistance to her, turned her efforts to obtaining replacement counsel. Her letter to the Court explains that she had difficulties finding an lawyer who would represent her after her complaint had been filed. *See* Letter [dkt. #20] at 1. She also attempted to obtain appointed counsel by filing an application on May 3, 2010. As the magistrate judge noted, the plaintiff ultimately was successful in securing counsel through her own efforts.

Now that the plaintiff has secured counsel, the additional time she would need to effect service would be short. *See Rojek v. Catholic Charities, Inc.*, No. 08-14492, 2009 WL 3834013, at *7 (E.D. Mich. Nov. 16, 2009). The plaintiff made an adequate effort to learn and complete the requirements for effective service; this factor does not weigh against her.

B. Prejudice to the Defendants Resulting from the Delay

The defendants contend that they are prejudiced because they now must defend otherwise time-barred claims, and the delay may have resulted in spoliation of documentary evidence or dimming of witnesses' memories. The first argument is specious, since the complaint was filed within the period of limitations, and the defendants were notified of the suit within five months thereafter. Courts generally have required defendants to show prejudice beyond the more generalized "inherent 'prejudice' in having to defend the suit." *See Rojek*, 2009 WL 3834013, at *7 (quoting *Slenzka*, 204 F.R.D. at 326); *In re Goins*, Nos. 03-20874 & 05-5055, 2006 WL 2089922, at *5 (Bankr. E.D. Tenn. July 6, 2006).

The defendants attempt to do just that by arguing that their witnesses have left their employ and much of their documentation could be lost or destroyed. The possibility for loss of evidence with the passage of time is possible in any case, but the defendants have not identified any witnesses or documents that are unavailable to them now. The specter of lost evidence remains but a possibility that is insufficient to weight this factor against the plaintiff. Moreover, the parties apparently participated in arbitration from January 2008 through September 2009, *see* Resp. to Mots. to Dismiss, Ex. 1, Aff. of Michelle Dudzinski, ¶¶ 3-4, only three months before the plaintiff filed her complaint. It is unlikely that the defendants lost or purged all their records in the interim. The more likely conclusion is that much of the evidence that bears on this claim has been preserved.

C. Actual Notice to the Defendants of the Lawsuit

The date the defendants received actual notice of the lawsuit remains a disputed issue. Some courts weigh this factor against the plaintiff if the defendant did not receive actual notice within the 120-day period, while other courts find notice within a reasonable after the period has expired time

-8-

is adequate. *Compare Vergis v. Grand Victoria Casino & Resort*, 199 F.R.D. 216, 218 (S.D. Ohio 2000), and *Elec. Workers Local 58 Pension Trust Fund v. Rite Elec. Co.*, No. 10-11815, 2010 WL 4683883, at *3 (E.D. Mich. Nov. 10, 2010), *with Rojek*, 2009 WL 3834013, at *7. The court record in this case reveals that the defendants received notice of the lawsuit no later than early to mid May 2010, less than one month after the 120-day period expired. There also is no reason to believe they were not aware of the possibility of a lawsuit following the arbitration proceedings several months earlier. *See* Resp. to Mots. to Dismiss, Ex. 1, Aff. of Michelle Dudzinski, ¶¶ 3-4. In addition, the defendants have participated actively in the case since by filing motions to dismiss on June 1, 2101, appearing at a scheduling conference before the magistrate judge on November 24, 2010, opposing the plaintiff's motion for leave to file an amended complaint in responses and supplemental briefs, and objecting to the magistrate judge's report and recommendation. This factor does not favor the defendants.

### D.  Substantial Prejudice to the Plaintiff from Dismissing the Suit

The defendants acknowledge that the plaintiff's claims would be time-barred if the Court granted the defendants' motions to dismiss. This factor generally carries the most weight and may be dispositive of the issue. The Advisory Committee Notes to the 1993 amendments to Federal Rule of Civil Procedure 4 state that an extension of time for service "may be justified . . . if the applicable statute of limitations would bar the refiled action," regardless of the other considerations before the Court. *Wise*, 196 F.R.D. at 55 (quoting Advisory Committee Notes on Fed. R. Civ. P. 4(m)). Several courts have ascribed "nearly dispositive weight" to this factor; the analysis "turn[s] primarily" upon it. *Elec. Workers Local 58 Pension Trust Fund*, 2010 WL 4683883, at *3; *Vergis*, 199 F.R.D. at 218; *see also Buck v. United States Dep't of Agric., Farmers Home Admin.*, 960 F.2d

603, 607 (6th Cir 1992) (cautioning against dismissing a claim for failure to act timely without an inquiry into the merits). This factor weighs heavily in favor of the plaintiff in this case.

E. Good Faith Efforts by the Plaintiff to Effect Service Within the Time Allowed

This factor weighs against the plaintiff. The plaintiff did not make any efforts to effect service during the 120-day period, but that failure is mitigated by her good faith efforts to learn how to do so. Shortly after time expired, the plaintiff attempted to serve the defendants but did not do so in compliance with Rule 4. In all events, there is no evidence of bad faith on the plaintiff's part in delaying service. *See In re Knight*, 2006 WL 2645167, at *4.

III.

The Court agrees with the magistrate judge that the balance of the factors weighs in favor of extending the summonses and allowing the plaintiff to effectuate service within a reasonable time. The Court finds, therefore, that the magistrate judge's determination of the issues in the parties' motions was correct. Therefore, the Court will adopt the report and recommendation.

Accordingly, it is **ORDERED** that the report and recommendation of the magistrate judge [dkt. # 40] is **ADOPTED**.

It is further **ORDERED** that the defendants' objections to the report and recommendation [dkt. # 42, 43] are **OVERRULED**.

It is further **ORDERED** that the defendants' motions to dismiss [dkt. # 17, 18] are **DENIED**.

It is further **ORDERED** that the matter is referred to Magistrate Judge R. Steven Whalen under the previous reference order [dkt. # 2] to ready the matter for trial, and to conduct a trial if the parties consent under 28 U.S.C. § 626(b)(1)(c).

                                                    s/David M. Lawson  
                                                    DAVID M. LAWSON  
                                                    United States District Judge

Dated:   March 30, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 30, 2011.

                                 s/Deborah R. Tofil  
                                 DEBORAH R. TOFIL