UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLE H. DUDZINSKI,                    Case No. 09-15009

    Plaintiff,                         District Judge David M. Lawson

v.                                        Magistrate Judge R. Steven Whalen

SPIRIT AIRLINES, INC., ASSOCIATION
OF FLIGHT ATTENDANTS/COMMUNICATIONS
WORKERS ASSOCIATION, ROBERT LOVE, and
AMY JACOBS,
jointly and severally,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Before the Court is Defendant Robert Love's *Motion to Dismiss Plaintiff's First Amended Complaint for Insufficient Service of Process* [Docket #73], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). For the following reasons, I recommend that the motion be GRANTED, and that the First Amended Complaint be DISMISSED WITH PREJUDICE as to Defendant Love.

**I.  BACKGROUND**

On December 24, 2009, Plaintiff, then proceeding *pro se,* filed suit in this Court alleging breach of contract, retaliation under the Family Medical Leave Act ("FMLA"), intentional infliction of emotional distress, and, against Defendant Association of Flight

Attendants, a breach of duty to represent.

On May 26, 2010, I entered an order for Plaintiff to show cause why her complaint should not be dismissed for failure to effect timely service. *Docket #15*. On February 28, 2011, I recommended that motions to dismiss for insufficient service filed by Defendants Spirit Airlines ("Spirit") and Amy Jacobs [Docket #17], and Association of Flight Attendants/Communications Workers Association ("AFA") and Nicole Trupiano [Docket #18] be denied. Citing *Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 326 (E.D. Mich. 2001), I found that (1) Defendants would not be substantially prejudiced by allowing Plaintiff an extension of time to serve the complaint, (2) Defendants had actual notice of the lawsuit (3) a dismissal without prejudice would time bar the AFA claim and a portion of the FMLA claims. *Docket #40* at 4-6. On March 30, 2011, the District Court, adopting the Report and Recommendation, found that "the balance of the factors weighs in favor of allowing Plaintiff to effectuate service within a reasonable time." *Docket 46* at 10.

## II.  STANDARD OF REVIEW

Fed.R.Civ.P. 4(m) provides as follows:

> "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Under this Rule, a court may exercise its discretion to extend the time for service without any showing of good cause. However, if the plaintiff does show good cause for failure to effect

timely service, the court *must* extend the time. *In re Lopez,* 292 B.R. 570, 574 (E.D.Mich.2003) ("In other words, even in the absence of good cause, the court *may* grant an extension of time for service, but if good cause is shown, the court *must* extend.").

### III. ANALYSIS

#### A. Defendant Love's Contentions

Defendant Love argues first that under Rule 4(e), Plaintiff could have served him by (1) delivering a copy of the summons and complaint to him directly, (2) leaving a copy of both at his home, (3) delivering a copy of each to his authorized agent, or (4) sending a copy by registered or certified mail. *Defendant's Brief* at 5; Fed. R. Civ. P. 4(e). He notes that instead, Plaintiff sent copies of the Summons and First Amended Complaint to Defendant Spirit's resident agent. *Id.* at 5-6. He notes that Rule 4(e) does not permit service through Sprint's resident agent, adding that this method was particularly inappropriate, given that he had not been employed by Spirit for three years at the time of the First Amended Complaint. *Id.* at 6. He points out that although the other individual defendants received the Summons and First Amended complaint by certified mail to their residences, Plaintiff did not attempt to serve him at his residence. *Id.* Plaintiff also notes that the 120 days after the filing of the complaint allowed for service under Rule 4(m) has long since expired. *Id.*

Second, Defendant Love argues further that Plaintiff cannot show good cause for her failure to effect timely service. *Defendant's Brief* at 7. Defendant argues third that he would be prejudiced by allowing Plaintiff addition time to effect service. *Id.* at 8. He points out

-3-

that prior to the filing of the present motion, Plaintiff had almost one year to perfect service "but failed to do so." *Id.* Defendant notes that he has not filed an answer to the First Amended Complaint, "propounded or responded to discovery requests, or taken depositions." *Id.* He also notes that the time for discovery expired well before filing the present motion. *Id.*

Defendant Love argues that the fact that he was deposed as a fact witness does not relieve Plaintiff of the responsibility to effect proper service. *Id.* at 9. Finally, he notes that Plaintiff's only possible claim against him would be under the FMLA, pointing out that the statute of limitations under the FMLA is generally two years and for a willful violation, three years. *Id.* (citing 29 U.S.C. 26179(c)). He notes that "[a]t the very latest," the FMLA claim expired in December, 2010, contending that "[i]t would be patently unfair to require [him] to litigate time-barred claims. *Id.* Finally, he argues that Plaintiff has not made a good-faith effort to serve him within the 120 days allowed under Rule 4(m). *Id.*

### B. Plaintiff's Response

Plaintiff argues first that good cause exists for extending the time for service. *Plaintiff's Brief* at 1-2, *Docket #86*. Her counsel notes that because the Summons and Complaint sent to Spirit's resident agent "was never returned to sender," he reasonably believed that Spirit had forwarded the Summons and Complaint to Love. *Id.* She cites Postal Operations Manuel ("POM") § 611.3, which requires the recipient of mail not intended for him/her to "promptly return it to the Post Office, endorsed "Open by Mistake" or words to that effect. *Plaintiff's Exhibit 3.*

Plaintiff argues that even in the absence of good cause for the failure to effect proper service, it is within the Court's discretion to order an extension of time for proper service. *Plaintiff's Brief* at 3. She cites *Slenzka, supra,* 204 F.R.D. 322, 326 (E.D. Mich. 2001) for the factors to be considered in whether to extend time to effect service.

> (1) [whether] a significant extension of time was required; (2) an extension of time would prejudice the defendant other than the inherent "prejudice" in having to defend the suit; (3) the defendant had actual notice of the lawsuit; (4) a dismissal without prejudice would substantially prejudice the plaintiff; i.e., would his lawsuit be time-barred; and (5) the plaintiff had made any good faith efforts at effecting proper service of process. *Id.* (citing *Wise v. Department of Defense*, 196 F.R.D. 52, 57 (S.D.Ohio 1999)).

Plaintiff contends that the second factor weighs in her favor because "[t]o this point in the lawsuit, [Spirit] has been, *de facto,* defending Mr. Love's interests," pointing out that the present motion was brought by Spirit's attorneys. *Id.* at 3. Under the fourth *Slenzka* factor, she states that she would be substantially prejudiced if Love were dismissed, noting that "[h]er FMLA claim against him "might be time-barred, depending upon the application or non-application of the tolling doctrine. *Id.* at 4. She argues that under the fifth factor, her attempt to serve Love by way of Spirit's resident agent constitutes "a good faith effort." *Id.*

### C. Plaintiff Has Not Shown Good Cause for the Failure to Serve.

Plaintiff's reasons for failure to effect proper service on Love do not constitute good cause. She does not claim that she even attempted serve Love by any of four methods permitted under Fed. R. Civ. P. 4(e). While Plaintiff claims that she attempted service through Spirit's resident agent because she did not know Love's home address, she has provided not evidence that she made any attempt to procure the address through reasonable

-5-

inquiry or by motion to the court.  "[C]ounsel's inadvertent failure or half-hearted efforts to serve a defendant within the statutory period does not constitute good cause." *Friedman v. Estate of Presser,* 929 F.2d 1151, 1157 (6th Cir. 1991).

Plaintiff's argument that she reasonably believed that Love had been properly served is defeated by subsequent indications that service had not been effected.  Although a "return of service" states that Love was "served" on April 7, 2011, *Defendant's Exhibit 4,* if Plaintiff truly believed that proper service had been effected, she would have pursued a default judgment when he failed to file an answer to the Complaint.  Plaintiff did not pursue a default judgment against Love in the 15 months between the time he was purportedly served and the filing of the present motion.  Moreover, Plaintiff's attempt to blame Sprint's resident agents because they did abide by the Postal Operations Manual by returning the Summons and Complaint does not excuse her counsel's own negligence in failing to effect proper service under Rule 4(e).

### D.  The Court Should Deny Plaintiff's Request to Extend the Time for Service

In contrast to my earlier recommendation, a review of the five *Slenzka* factors now weighs against granted an extension of time for service.  On March 30, 2011, the District Court found that although the case had "been pending over a year . . . .[n]ow that the plaintiff has secured counsel, the additional time she would need to effect service would be short." *Dudzinski v. Spirit Airlines, Inc.* WL 1233231, *4 -5 (E.D.Mich. March 30, 2011)(citing *Rojek v. Catholic Charities, Inc.,* No. 08–14492, 2009 WL 3834013, at *7 (E.D.Mich. Nov.16, 2009)).  Despite the extension of time allotted for proper service, Plaintiff failed to effect service in 15 months  between the Court's decision and the

-6-

filing of the present motion.

As to the second factor, Love states that he "has not participated as a defendant in this case in any respect." *Reply* at 3. He notes that he has not "propounded or responded to discover requests or taken any depositions," pointing out that the case "is now at the summary judgment stage." He states that he would be prejudiced by allowing an extension of the time to serve. I agree that as of the filing of this motion, Plaintiff would be substantially prejudiced by a grossly untimely service of process. *See Morgan v. Mortgage Electronic Registration Systems, Inc..* WL 1346260, *2 (E.D.Mich. May 4, 2009)(Plaintiffs' failure to serve Defendants for four months despite having retained counsel supports a dismissal under Rule 4(m)). As to the third factor, Plaintiff, stating that the third factor "do[es] not weigh in [her] favor," appears to concede that Love did not have actual notice of the suit against him. *Plaintiff's Response* at 3.

Under the fourth factor, both sides agree that a dismissal without prejudice would time bar her claim against Love. Notwithstanding that Plaintiff's claim will be time barred, her longstanding failure to effect service, despite the second opportunity afforded by the Court, outweighs her interests in a decision on the merits. *See Campbell v. Angela Hospice Home Health Care, Inc.,* 2007 WL 4571456, *5 (E.D.Mich. December 27, 2007)("nothing in the facts of this case . . . warrant a second exercise of the court's discretion to delay dismissal").

I am mindful that "[b]ecause courts favor trials on the merits, special care is taken to make certain that a party with a meritorious claim is not deprived of an adjudication because of counsel's failure to act timely." *Searcy v. County of Oakland,* 735 F.Supp.2d 759, 770 -771 (E.D.Mich.August 30, 2010)(citing *Buck v. U.S. Dept. of Agriculture, Farmers Home Admin.,* 960 F.2d 603, 607 (6th Cir.1992))(internal

punctuation omitted). However, consideration of this factor is tempered by my own review of the other dispositive motions (Doc. #74 and #82) showing that the FMLA claim against Love would have little chance of success on the merits. Indeed, I recommended that summary judgment be granted in favor of Spirit based on Plaintiff's failure to support an FMLA retaliation claim.

As to the fifth and last *Slenzka* factor, I note that while Plaintiff made one attempt to serve Love, her counsel's lack of diligence in assuring that this Defendant was properly served - even when alerted that he had not - augers against extending the time for service.

Under Rule 4(m) "[i]f a defendant is not served within 120 days after the complaint is filed," a dismissal under Rule 4(m) is to be made without prejudice. *South Macomb Disposal Authority v. Model Development*, LLC 2013 WL 607840, *7 (E.D.Mich.February 19, 2013)(citing Fed.R.Civ.P. 4(m)). However, where, as here, (a) service has not been timely effected under Rule 4(m), (b) there is no good cause to extend the time for service, and (3) the statute of limitations has expired, the Court may dismiss with prejudice. *See Conover v. Lein,* 87 F.3d 905, 908 (7th Cir.1996); *Cardenas v. City of Chicago*, 646 F.3d 1001, 1007 -1008 (7th Cir. 2011)[1]; *Zapata v. City of New York*, 502 F.3d 192, 197 (2nd Cir. 2007).[2] *See also Petty v. County of Franklin, Ohio*, 478 F.3d 341, 346, fn. 2 (6th Cir.

---

[1] "Both the district court and the Plaintiffs correctly recognize that any refiled suit would be time-barred. That bar effects a result similar to a dismissal with prejudice: '[I]f the statute of limitations has meanwhile expired it will be the limitations defense that greets [any] new action, which will make the case just as dead as a disposition on the merits....' David Siegel, Practice Commentary on Fed.R.Civ.P. 4, C4–38, reprinted at 28 U.S.C.A. Fed.R.Civ.P. 4 at 211 (West 2008)."

[2] "Where, as here, good cause is lacking, but the dismissal without prejudice in combination with the statute of limitations would result in a dismissal *with* prejudice, we will not find an abuse of discretion in the procedure used by the district court [dismissal

2007) ("[A]ny dismissal ordered [under Rule 4(m)] after expiration of the statute of limitations for failure to establish good cause will be, in effect, with prejudice since plaintiff will be precluded from commencing a new action") (Quoting 3 Moore's Federal Practice § 4.82[3]).

### IV.  CONCLUSION

For these reasons, I recommend that Defendant Love's motion to dismiss for insufficient service of process [Doc. #73] be GRANTED, and that the complaint against Defendant Love be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed  within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.  1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than 20 pages in length unless by motion and

---

with prejudice], so long as there are sufficient indications on the record that the district court weighed the impact that a dismissal or extension would have on the parties."
(Footnote omitted, emphasis in original).

order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                 **s/ R. Steven Whalen**
                                                 R. STEVEN WHALEN
                                                 UNITED STATES MAGISTRATE JUDGE

Dated: March 5, 2013

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on March 5, 2013.

                                                 s/Johnetta M. Curry-Williams
                                                 Case Manager